IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ROBERT A. TRANI, #05618-196, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:07-3399-JFA-BM |
| ) | |
| v. ) | |
| ) | |
| JOHN OWEN, Warden, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| _____) | |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241.¹ On July 13, 2001, the Petitioner was sentenced by the United States District Court for the District of Arizona to 168 month term of incarceration for violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) [Possession with intent to Distribute Marijuana]. See Respondent's Exhibit A, p. 1, and Exhibit B, p. 1. Petitioner's anticipated release date from this term of incarceration is July 18, 2010, via Good Conduct Time credit. See Respondent's Exhibit A, p. 2.

Although his Petition is somewhat confusing in its presentation, Petitioner appears to be complaining that his administrative grievances were not answered properly, that the BOP has

---

¹Petitioner is a federal prison inmate. When this action was filed, Petitioner was being held at a prison facility in South Carolina. Since the filing of this action, Petitioner has been transferred from South Carolina to a Federal Bureau of Prisons (BOP) facility in Texas. See Notice of Change of Address filed on March 24, 2008. However, since a court's jurisdiction is determined at the time the pleadings are filed, this Court retains jurisdiction over this § 2241 petition. See Mullen v. Torrance, 22 U.S. 537, 539 (1824)["[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events"]; American National Bank & Trust Co. v. Bailey, 750 F.2d 577, 582 (7th Cir. 1984); Scherl v. U.S. Parole Commission, No. 92-7435, 1993 WL 258736 at * 2 (S.D.N.Y. July 7, 1993).

1



either improperly denied or not responded to his request that the BOP petition the Court pursuant to 18 U.S.C. §3582(c) for modification of his term of imprisonment, that the BOP improperly utilized information in his Presentence Investigation Report ("PSIR"), and that he is being improperly housed in a location over 500 miles from his family.² The Respondent filed a motion for summary judgment on January 9, 2008, and as the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 11, 2008, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Petitioner failed to file any response to the motion for summary judgment. In light of Petitioner's pro se status, the Court issued another order on March 6, 2008, advising Petitioner that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Petitioner did thereafter file memoranda in opposition on March 24, 2007 and March 27, 2008,³ following which the Respondent filed a reply memorandum on April 4, 2008. Respondent's motion is now before the Court for disposition.⁴

---

²Respondent argues that some of these claims are more in line with a Bivens cause of action, and are therefore not properly considered under § 2241. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); Respondent's Brief, at pp. 3-4. However, as the Petitioner is proceeding pro se, the undersigned has proceeded to address his claims as presented or otherwise deemed appropriate. See discussion, infra.

³The Court has also considered arguments presented by the Petitioner in a filing of April 14, 2008. See Order [Court Docket No. 31].

⁴This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by
(continued...)

2



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; *cf.* Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondent is entitled to summary judgment in this case, and that this Petition should therefore be dismissed.

**I.**

**(Failure to Exhaust Administrative Remedies)**

Respondent argues in his motion for summary judgment that Petitioner has failed to properly exhaust his administrative remedies with respect to Grounds One, Two, and Four, and that this Court therefore lacks jurisdiction over those claims.  In opposition to the Respondent's motion, Petitioner points to documentation he has submitted which (he contends) shows that he should be allowed to proceed with these claims.  However, while Petitioner's exhibits do reflect that Petitioner

---

[4](...continued)
the Court.



has exhausted his administrative remedies with respect to Ground Three, they do not indicate that he has properly grieved Grounds One, Two and Four. See Attachments to Petitioner's Petition and to his Motion to Strike filed on March 24, 2008;[5] see also, discussion, infra.

Petitioner's first Ground for relief is that his administrative grievances were not properly answered by the BOP; his second Ground for relief alleges that the BOP has either improperly denied or not responded to his request that the BOP motion the Court, pursuant to 18 U.S.C. §3582(c), for modification of his term of imprisonment, and that the BOP's decision to limit such requests to inmates with terminal illnesses is an inappropriate narrowing of the Congressional mandate; while his fourth Ground for relief is that he is being improperly housed in a location over 500 miles from his family based in part on the improper recommendation of the sentencing court.[6] Respondent correctly notes that, with respect to each of these three claims, Petitioner can only pursue relief in this Court under 2241 after he has exhausted his administrative remedies. See United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]; United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982); *cf.* Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998).

---

[5]It appears that Petitioner's documents were originally submitted to the Court as attachments to Petitioner's Petition. However, they were apparently not properly scanned by the Clerk's office. In addition to these documents, it appears that several other pages were also not scanned. The Clerk's office is directed to scan all documents attached to the Petition and electronically file those documents.

[6]Although not apparently the location desired by Petitioner, the undersigned does note that Petitioner has now been transferred to a federal facility closer to his family in Texas. See Notice of Change of Address filed on March 24, 2008.

4



In order to exhaust administrative remedies with the BOP, an inmate must first attempt to informally resolve the matter with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may then file a written complaint with the Warden. 28 C.F.R. § 542.14(a). Finally, if the inmate is not satisfied with the Warden's response, he may then appeal to the Regional Director within twenty (20) days of the Warden's response, and may thereafter appeal any unfavorable decision by the Regional Director to the General Counsel within thirty (30) days of Regional Director's decision. 20 C.F.R. § 542.15(a). Only after Petitioner has completed this process may he pursue relief in this Court. See United States v. Shanklin, 1988 WL 41128 at **2; Chua Han Mow v. United States, 730 F.2d at 1313; United States v. Mathis, 689 F.2d at 1365; *cf.* Alexander v. Hawk, supra.

**(a)**

With respect to Ground One, Petitioner contends that the his administrative grievances were not properly answered by the BOP. However, although it appears that Petitioner makes this complaint in an appeal of a grievance which asserts a different claim; see Respondent's Exhibit C, p. 3; there is no evidence that he ever filed a separate grievance regarding this issue. See 28 C.F.R. § 542.13(a). Therefore, this claim has not been exhausted.

Further, even if Petitioner had properly presented and exhausted his claim that his administrative grievances were not being properly answered by the BOP, " . . . prison inmates do not have a constitutional right to have their grievances properly considered or resolved in their favor." Smith v. Morrison, No. 05-209, 2008 WL 418259 at *4 (E.D.Tex. Feb. 18, 2008)(citing Geiger v. Jowers, 404 F.3d 371, 373-374 (5th Cir. 2005)). Therefore, Ground One fails to state a claim even assuming that it had been properly exhausted. This claim should be dismissed, without prejudice.

5



**(b)**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may "reduce the term of imprisonment" originally imposed on a prisoner under certain circumstances. Petitioner contends in Ground Two of his Petition that the BOP has either improperly denied or not responded to his request that the BOP motion the Court for modification of his term of imprisonment, and that the BOP's alleged decision to limit such requests to inmates with terminal illnesses is an inappropriate narrowing of the Congressional mandate.

Petitioner faces several hurdles with regard to this claim. First, the record before the Court confirms that Petitioner has not exhausted his administrative remedies with respect to this claim. See Respondent's Exhibit D. Second, § 3582 requires that the request or motion for reduction under this subsection be made by the "Director of the Bureau of Prisons." Id. Here, while Petitioner makes bald allegations that his request for such a motion by the Director was mishandled, there is in fact no evidence that Petitioner ever began the process for obtaining a reduction under this statute by submitting a request to the warden. See Respondent's Exhibit F; 28 C.F.R. § 571.60-64. Without having properly applied for the requested relief, Petitioner lacks standing to even bring this claim. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-231 (1990). Third, even assuming that Petitioner did properly begin this process and sought a reduction under § 3582(c)(1)(A), it is undisputed that there has been no motion filed by the BOP's director, and without such a motion, "the court simply cannot modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Morales [v. United States], 353 F.Supp.2d 204, 205 (D.Mass. 2005)." Hubbs v. DeWalt, No. 05-512, 2006 WL 1232895 at *2 (E.D.Ky. May 8, 2006). See also Villarreal v. United States, 2005 WL 1177873 (E.D.Tex. 2005) ["A convicted prisoner does not have a constitutional right to be released before the expiration of a valid



sentence"]; Hubbs, at *2-3. Therefore, Ground Two should also be dismissed without prejudice.

**(c)**

In Ground Four, Petitioner alleges that he is being improperly housed in a location over 500 miles from his family based, in part, on the improper recommendation of the sentencing court. Although it appears at first glance that this issue has been exhausted, a careful reading of the material filed with the Court reveals that this is not the same claim Petitioner presented in his BOP grievance. In Petitioner's grievance he complained, in part, that he was being improperly housed in a location over 500 miles from his family based upon information included in his PSIR. See Respondent's Exhibits C and E. That issue is part of Ground Three of this Petition, and is addressed herein on the merits. See discussion, infra. In Ground Four, however, Petitioner is complaining about the recommendation of the sentencing court.

At Petitioner's sentencing, the sentencing judge stated,

> I'm going to do something else which I have only done on one or two occasions before. And I read this file quite thoroughly and it's been continued several times, so I have had chances to review it.
>
> Over the 20 years that I have been on the bench, I have found that people who are engaged in activities such as Mr. Trani was involved have been known to and on occasion do continue their operations even though they are incarcerated.
>
> Because of the defendant's connections in Arizona and on the West Coast, I'm going to recommend that the defendant not be incarcerated in either one of those areas; that he be incarcerated outside of those areas. As I say, I have given that an awful lot of thought. I realize that being in Tucson, he could see his family and I appreciate the importance of that, particularly to the family probably and to Mr. Trani, but I just believe under the circumstances that that's a recommendation which will benefit society.



7

See Sentencing Record, pp. 9-10.[7]

Petitioner complains in Ground Three about the sentencing judge making this recommendation. However, as noted, this is not the same issue presented in Petitioner's grievance and this claim has therefore not been exhausted. The undersigned also notes that, although it is not as close as Petitioner desires, he has now been moved to a BOP facility in Texas, which is closer to his home.

Finally, even if this issue were otherwise properly before this Court, Petitioner has no Constitutional right to be held in a particular prison. Becerra v. Miner, 248 Fed.Appx. 368 at * 1(3rd Cir. Sept. 19, 2007) ["It is well established that a prisoner does not have a due process interest in his assignment to a particular institution, including one closer to his family."] (citing see generally, Olim v. Wakinekona, 461 U.S. 238, 245 (1983)[inmate has no justifiable expectation he will be incarcerated in any particular prison or state]; Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988)[prisoner has no right to be transferred to facility closer to family])); Meachum v. Fano, 427 U.S. 215, 225 (1976); see also Respondent's Exhibits G and H; Rufus v. Federal Bureau of Prisons, No. 06-3114, 2008 WL 351004 at **4-5 (D.S.C. Feb. 7, 2008); cf Stewart v. Mukasey, No. 07-512, 2007 WL 3470010 at * 1 (W.D.Va. Nov. 13, 2007). Therefore, this issue should also be dismissed without prejudice.

### III.

In Ground Three of his Petition, Petitioner claims that the BOP has improperly utilized information in his PSIR in developing his security and custody classification. Although the Respondent does not contest exhaustion of this issue for purposes of consideration by this Court, this

---

[7]This page of the sentencing record was attached to the original Petition, but not scanned by the Clerk's office. This page is being electronically filed by the Clerk's office and served on the parties. See footnote 5, supra.



claim is without merit.

First, Petitioner does not have a due process right to any particular security classification. See Marti v. Nash, 227 Fed.Appx. 148 at **1 (3rd Cir. Apr. 11, 2007)(citing Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)). Therefore, no viable claim for federal habeas relief under § 2241 has been presented. Furthermore, to the extent that Petitioner is arguing a Sixth Amendment violation, relying on United States v. Booker, 543 U.S. 220 (2005), on the grounds that the facts relied upon by the BOP in determining his classification pertain to a charge to which he did not plead guilty, this argument may not be pursued in this petition because Petitioner is challenging the execution of his sentence, not the imposition of his sentence. Marti, 227 Fed.Appx. 148 at ** 2; see Turner v. Bureau of Prisons, No. 05-84, 2008 WL 686549 at **2-3 (E.D.Cal. Mar. 11, 2008); Candelario v. Vasquez, No. 07-33, 2007 WL 4336352 at * 1 (S.D.Ga. Dec. 7, 2007); see also, in any event, Taylor v. United States, No. 06-01, 2008 WL 552846 at *4 (S.D.W.Va. Feb. 27, 2008)[Holding that Booker has no retroactive application, and therefore does not apply to a sentence that became final prior to Booker decision in 2005.].

A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence only when a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The burden of demonstrating that a remedy is "inadequate or ineffective"under the savings clause of § 2255 lies with Petitioner. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); *cf.* Means v. Vasquez, 168 Fed.App. 900 (11th Cir. 2006)  Here, Petitioner provides no argument as to why § 2255 is not adequate to address this issue.[8]

---

[8] The petition does not reveal if Petitioner has already filed an action under § 2255 in the sentencing court asserting this claim. However, even if a prior § 2255 motion was unsuccessful, that
(continued...)

9



Therefore, this issue is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed, with prejudice**, as to Ground Three. With regard to Grounds One, Two, and Four, those issues should be **dismissed, without prejudice.**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 28, 2008



---

⁸(...continued)
failure does not render the § 2255 remedy inadequate or ineffective. Neither does the fact Petitioner might be precluded from raising this claim in a second or successive § 2255 motion open the door for a § 2241 habeas action under the § 2255 savings clause. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*); *see also* In re Jones, 226 F. 3d 328, 333 (4th Cir. 2000).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11

